**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YOLANDA ARACELI DIAZ-ZEPEDA, a.k.a. Yolanda Sandoval-Morales, | No. 08-70281 |
| Petitioner, | Agency No. A028-749-457 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Yolanda Araceli Diaz-Zepeda, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's decision denying her motion to reopen her

deporation proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  Reviewing

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

for abuse of discretion, *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008), we deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Diaz-Zepeda's motion to reopen as untimely because the motion was filed more than 19 years after entry of Diaz-Zepeda's deportation order and after September 30, 1996, *see* 8 C.F.R. § 1003.23(b)(1) ("A motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is later."), and failed to demonstrate that any of the exceptions to the time limitation applied, *see id.* § 1003.23(b)(4). It follows that Diaz-Zepeda's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a petitioner to prevail on a due process claim).

We lack jurisdiction to review whether the agency should have invoked its sua sponte authority to reopen proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

We do not consider Exhibit A attached to Diaz-Zepeda's petition for stay of deportation because our review is limited to the administrative record underlying the BIA's decision. *See* 8 U.S.C. § 1252(b)(4)(2).

Diaz-Zepeda's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**